## Morton Trust

*Norman E. Donoghue, 2d,* of *Dechert, Price & Rhoads,* for accountants.

*J. Pennington Straus,* of *Schnader, Harrison, Segal & Lewis,* for Settlement Music School.

KLEIN, A. J., December 17, 1973.—The reason for filing the present account is the death on January 4, 1970, of Mary Curtis Zimbalist, co-trustee under a deed of trust dated January 26, 1924, which created a perpetual, charitable trust for the benefit of Settlement Music School of Philadelphia and certain deserving students attending that school.

The relevant provisions of the deed and all other essential facts pertaining to the trust and related matters are set forth in the statement of proposed distribution. A copy of the deed, certified by counsel to be a true and correct copy, is annexed hereto.

All parties in interest are stated to have received notice of this audit. Proof of compliance with Rule 5, section 5 of the Supreme Court O. C. Rules relating to notice to the Attorney General of the Common-

wealth of Pennsylvania in cases involving charitable gifts, is annexed.

At the audit, Girard Trust Bank, co-trustee, presented a petition to terminate a charitable trust under section 6110 of the Probate, Estates and Fiduciaries Code of June 30, 1972, no. 164, effective July 1, 1972, 20 PS §§6110, in which the court was asked to terminate this irrevocable trust by awarding all principal and undistributed income to the Settlement Music School to be added to the school's general scholarship fund.

Settlors established this trust to perpetuate the memory of Katherine Vollmer Eckfeldt, one of the founders of the Settlement Music School. The deed provided that the income be paid, in the trustees' discretion, to deserving students of the school or added back to the principal or otherwise applied to the needs of the school. It is a small trust with approximately $4,000 of principal, value as of October 6, 1972, and income that in recent years averaged about $210 per year. According to Mr. Donoghue this trust is a private foundation under the provisions of the Tax Reform Act of December 30, 1969, P.L. 91-172, 83 Stat. 487, 26 U.S.C. §1, et seq., which makes it subject to a four percent tax on net investment income and imposes certain other reporting and advertising requirements which could result in a 20 percent shrinkage of the trust's income. Furthermore, the additional administration and reporting burdens created by the Tax Reform Act make it manifestly unfair to require the corporate trustee to continue to serve in that capacity for its present compensation at the rate of $10 per year.

There is annexed a letter dated October 25, 1973, from E. S. Kardon, President of the school, to the auditing judge which reads, in part, as follows:

"This is to advise you that if the Trustee's petition is granted, we will accept the award of the trust principal to us upon such conditions as you may impose. Subject to your approval, we would contemplate adding the trust principal to our General Scholarship Fund from which we award annual scholarships such as those directed by the trust deed. In doing so, we would make appropriate mention of Katherine Vollmer Eckfeldt, in whose memory the above trust was created."

Mr. Straus confirmed for the record that the school would accept this fund to be added to its scholarship fund and would use the income for the purposes declared in the deed of trust. The auditing judge is satisfied that the purpose for which the trust was created has become impractical of fulfillment within the meaning of section 6110 of the Probate, Estates and Fiduciaries Code and that the school could more effectively administer the fund at less cost and with the same benefit to the students meant to be benefited. Accordingly, he has this day signed a decree directing distribution of the balance of principal and any accrued income to the school and the award herein will so reflect: Brown Trust, 10 D. & C. 2d 93, 7 Fiduc. Rep. 517 (1957).

There was no objection to the account which shows

| | |
|---|---|
| a balance of principal of | $2,016.59 |
| and a balance of income of | 762.89 |
| making a total of | $2,779.48 |

which, together with any further income to time of actual distribution, is awarded to the Settlement Music School of Philadelphia to be added to that school's General Scholarship Fund, the income only to be applied to the uses and purposes declared in the deed of trust.

All awards are subject to such distributions as have heretofore been properly made.

Leave is granted to the accountants to make all transfers and assignments necessary to effect distribution in accordance with this adjudication.

And now, December 17, 1973, the account is confirmed nisi.